UNITED STATESISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____ - Civ-_____/_____

LAQUITA HALL,

      Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,
a foreign profit corporation

      Defendant.

_____

## COMPLAINT

COMES NOW, LAQUITA HALL ("Plaintiff"), and sues Defendant, CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE ("Defendant"), and alleges:

## PARTIES AND JURISDICTION

1. This is a negligence action brought by Plaintiff LAQUITA HALL, a cruise-ship passenger, against Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE.

2. Plaintiff resides in the City of Buffalo, State of New York, in the United States of America.

3. The Defendant is a corporation incorporated under the laws of the Republic of Panama.  The corporation does busines in the United States, primarily the State of Florida, and the Defendant's principal place of business is in Florida.  The Defendant carries on the business of hotel, resort, casino, restaurant, and more. The Defendant dispenses travel and tour counseling services, passenger cruise

line, and sells accommodations for hotels, resorts, sightseeing and feature attractions throughout the United States.

## NATURE OF THE CASE

4.     This is a suit for negligence arising out of an incident that occurred on or about August 26, 2019, onboard the *Carnival Paradise* (the "Vessel"), wherein Plaintiff, a passenger aboard the Vessel, was injured as a result of the unseaworthy and unsafe conditions of the Vessel created by the Defendant's negligent conduct

## JURISDICTION AND VENUE

5.     The Court has diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332, because Plaintiff and Defendant are diverse in citizenship and the controversy, without interests and costs, exceeds $75,000.00.

6.     Venue is proper in this matter pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7.     On or about August 26, 2019 at approximately 11:15AM, the Plaintiff was a fare-paying passenger aboard *Carnival Paradise* (the "Vessel"), a cruise ship owned and operated by the Defendant. The ship was docked in port in the City of Tampa Bay, Florida.

8.     At all relevant times, the Vessel was owned, operated, managed, and otherwise controlled by the Defendant.

9.     At all times material hereto, Plaintiff was an invitee while on the Vessel.

10.    At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

11.     At that time and place, on or around the 9TH deck stairs, the Defendant breached its duty of care toward the Plaintiff when it caused or permitted a set of stairs to remain in a wet, slippery, slick and dangerous condition.

12.     Furthermore, that at that time and place, the Defendant breached its duty of care toward the Plaintiff when it failed to make its floor and/or staircase sufficiently slip-resistant.

13.     At that time and place, on or around the 9TH deck stairs, the Defendant, breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff that a section of the floor and/or staircase was wet, slippery, slick and constituted a dangerous condition.

14.     As a result of the Defendant's failure to warn the Plaintiff that the floor and/or staircase was wet and slippery, the Plaintiff stepped onto the wet stair, slipped and fell.

15.     The Defendant knew that the floor and/or staircase were not sufficiently slip-resistant, or this condition had existed for a sufficient length of time that the Defendant should have known about it and corrected it.

16.     The Defendant caused this hazardous condition to exist, or the Defendant knew about this hazard or that the hazard had existed for a sufficient length of time, that the Defendant should have known about it, or the condition occurred with regularity and was therefore foreseeable.

17.     As a result of the breach of the standard of care, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, loss of earnings, and the loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

18. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred, including the filing of the proper notice of claim as indicated in paragraph 13(a) of the Carnival Cruise Line Ticket Contract, via correspondence to Carnival Corporation on September 10, 2019.

<u>COUNT 1: NEGLIGENCE</u>

19. Plaintiff re-alleges paragraphs 1-18 as though fully set forth herein.

20. At all times material hereto, Defendant had a duty to exercise reasonable care for the safety of its passengers, including Plaintiff herein, to provide Plaintiff with a safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff to suffering or inconvenience. *Kornberg v. Carnival License Holdings Limited dlbla Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984); *Hall v. Royal Caribbean Cruises, Limited,* 888 So 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 19I 3; *citing Kermarec v. Compag1de Generale Transatlantique,* 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor,* 4 Wall. 411 71 U.S. 411, 18 L.Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.,* 475 So. 2d 248 (Fla. 3d DCA 1985). Defendant also owed a "duty to exercise reasonable care under the circumstances." *Harnesk v. Camival License Holdings Limited d/b/a Carnival Cruise Lines, Inc.* 1992 SMC 1472, 1991 WL 329584 (S.D. Fla. 1991). Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *Carlisle v. Ulysses Line Limited,* S.A., 475 So. 2d 248 (Fla. 3d

DCA 1985); *Vierling v. Celebrity Cruises*, 339 F.3d 1309, 1319-20 (1 lth Cir. 2003).

21.   Defendant, through its agents, servants and/or employees, breached its duty of care to the Plaintiff and was negligent in that such breach caused an unreasonably dangerous condition to exist under the circumstances. Further, Defendant negligently maintained the premises in question, in that it allowed a defective and/or dangerous condition to exist, and/or failed to warn Plaintiff and fellow passengers of a dangerous and hazardous condition about which it knew or should have known, and other acts of negligence which will be shown at trial.

22.   Defendant either (a) created the dangerous condition through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had  constructive knowledge of the dangerous condition.

23.   In the alternative, notice to Defendant is not required because Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operation.

24.   The negligent condition(s) was/were created by Defendant, known to Defendant, and had existed for a sufficient length of time so that Defendant should have known of same, and which was a continuous or repetitive problem, thus giving notice to Defendant. The negligent condition(s) occurred with sufficient regularity so as to be foreseeable by Defendant, and/or should have been foreseeable by Defendant. In addition, the precautions needed to eliminate the risks caused by the dangerous condition were so slight, relative to the magnitude of the risk presented, and rendered Defendant's failure to

adopt the necessary precautions to avoid that risk unreasonable, and demonstrated Defendant's indifference to the risk of injury to Plaintiff, among other things.

25.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and continues to suffer bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and lost earnings and loss of earning capacity, and past and future medical expenses all of which losses are either permanent or continuing in nature and Plaintiff will continue to suffer the losses in the future.

26.     Plaintiff's injuries were not caused by any contributing fault of her own, but solely by the unsafe condition of the Vessel brought about by the negligence of Defendant.

27.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering; (h) loss of enjoyment of life; and (i) any and all other pecuniary and non-pecuniary damages to which Plaintiff may be entitled.

## DEMAND FOR JURY

28.     Plaintiff demands a trial by jury.


WHEREFORE, Plaintiff respectfully requests for judgment against Carnival Corporation d/b/a Carnival Cruise Lines for damages herein, including, but not limited to, damages in an amount exceeding the jurisdictional limits of this Court; pecuniary and non-pecuniary damages, prejudgment and post-judgment interest; court costs; and any and all such other relief to which she may show herself to be justly entitled in law or in equity.


**Dated:** October 15, 2020                         Respectfully submitted,


By: _____
SARAH STEINBAUM, ESQ.
Florida Bar Number: 0036470
Sarah Steinbaum, PA
Attorney for Plaintiff
2828 Coral Way Suite 540
Miami, Florida 33145
Tel:  (305) 358-7676
Fax: (305) 358-6667
service@sarahsteinbaum.com
paralegal1@sarahsteinbaum.com